## HARDEE THOMAS v. THE STATE.

### No. 4331.     Decided March 18, 1908.

**1.—Murder—Murder in First Degree—Murder in Second Degree.**

Where a defendant who in attempting to kill another on express malice accidentally kills a third party, the offense is murder in the second degree. Following McCoy v. State, 25 Texas, 33 and other cases.

**2.—Charge of Court—Express Malice—Implied Malice—Burden of Proof.**

Where upon trial for murder the evidence showed on the part of the State an assassination, and the defense was an accidental killing of deceased in self-defense against a third party, there was no error in the court's charge that if they found from the evidence beyond a reasonable doubt that the killing was not upon express malice, but found that it was unlawful and intentional, to find defendant guilty of murder in the second degree, and did not shift the burden of proof. Approving White v. State, 23 Texas Crim. App., 154.

**3.—Same—Charge of Court—Express Malice—Accidental Killing of a Third Party—Burden of Proof.**

Where upon trial for murder, the court charged the jury that if defendant upon express malice intended to kill one J., and in shooting at him, he accidentally and unintentionally shot and killed one, I., to find him guilty of

murder in the second degree, and also properly charged the law of reasonable doubt, murder in the first and second degree and self-defense and manslaughter, there was no error; especially, where the jury found defendant guilty of murder in the first degree, which was warranted by the evidence.

Appeal from the District Court of Camp. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of murder in the first degree; penalty, life imprisonment in the penitentiary.

The opinion states the case.

*Rolston & Ward,* for appellant.—On question of charge of court: Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of reasonable doubt and burden of proof: Weathersby v. State, 29 Texas Crim. App., 278.

RAMSEY, JUDGE.—In this case appellant was charged in the District Court of Camp County with the murder of one Mary Ivey, alleged to have been committed in said county on the 15th day of July, 1907. He was tried on the 16th day of December, 1907, and was found guilty of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

The motion for a new trial raises two questions only, both of which relate to supposed errors in the charge of the court. The facts show briefly that on the evening of the 15th of July, 1907, the State's witness, Will Jingles, left the house of Nelse Thomas, in company with this woman, Mary Ivey. When they left the house, appellant was sitting on the gallery talking to old man Thomas. The testimony further shows that this woman, Mary Ivey, had sometime prior thereto been appellant's mistress, or at least he was the father of her child born out of wedlock. It was proven by more than one witness that a very short time before the killing, appellant had stated that if Mary Ivey and Jingles left the house together he would kill them both. They did soon after this leave the house together, and were some one hundred yards or more from the house when the killing occurred. The witness Jingles testified that he and Mary had gotten something like one hundred yards from Thomas' house when he heard a pistol fire, and heard the deceased scream and fall. That before this he had not been aware of the presence of appellant, and was not apprehending any danger; that when the pistol fired he looked around and saw appellant, who at once fired on him, shooting two or three times, wounding him in the arm, and one ball glazing his stomach and the other passing through his hat. The deceased was shot in the back and died almost instantly. There was evidence of powder burns on her clothing showing that the pistol was held at the time she was shot very near her person. The theory of the defense was, that appellant went down the road following Jingles, and the deceased, for the pur-

pose of talking with deceased; that when he caught up with them he called deceased off, and was standing and talking to her when the witness, Will Jingles, attacked him with a knife, and he shot at him in self-defense, and that the killing of Mary Ivey was accidental. All these theories and defenses were submitted by the court. The court also submitted murder of the first degree, murder of the second degree and manslaughter. It seems to be well established in this State that, where a defendant, who in attempting to kill another on express malice, accidentally kills a third party, the offense is murder in the second degree. McCoy v. State, 25 Texas, 33; Taylor v. State, 3 Texas Crim. App., 387; McConnell v. State, 13 Texas Crim. App., 390; Musick v. State, 21 Texas Crim. App., 69; and Breedlove v. State, 26 Texas Crim. App., 445. This rule was distinctly given in the court's charge. With this statement, we will now consider the matters upon which appellant's counsel rely for a reversal.

The first matter complained of is the supposed error in the following portion of the court's charge: "Now, if you shall believe from the evidence beyond a reasonable doubt, that the defendant unlawfully shot Mary Ivey, intending to kill her, and that he did then and there by shooting her with a pistol, kill said Mary Ivey, in Camp County, Texas, on or about the 15th day of July, A. D. 1907, and if you further find that such killing was not upon express malice, as hereinbefore defined, or if you have a reasonable doubt as to whether such killing was upon express malice, then you will find him guilty of murder in the second degree." It is claimed that this charge is erroneous, in that the jury were required to find affirmatively that the killing was not upon express malice, before they could find the defendant guilty of murder in the second degree; that the charge in effect was an instruction that they must find by a preponderance of the evidence that the killing was not upon express malice, before they would be justified in finding that he was guilty of murder in the second degree, and that said charge is an infringement on the doctrine of reasonable doubt, and was calculated to mislead the jury to the injury of appellant, and in this connection, they submit the following proposition: "The defendant is entitled to the benefit of the reasonable doubt throughout the entire case, and in order to have the benefit of the lower grade of homicide, the law does not require that the jury shall believe affirmatively the facts that are necessary to reduce the killing to the lower grade of the homicide. But before the conviction can be for the higher grade, the evidence must satisfy the minds of the jury beyond a reasonable doubt that the killing was of the higher grade, and any failure of the evidence to so satisfy them, entitled the defendant to the finding of the lower grade of the offense. In support of this proposition, and as authority for their contention, that the charge of the court was erroneous and hurtful, they refer to the cases of Morgan v. State, 16 Texas Crim. App., 593; White v. State, 23 Texas Crim. App., 154; and Casey v. State, 14 Texas Ct. Rep., 818. We have carefully examined these

cases.  In the case of Morgan v. State, the charge considered was as follows: "Implied malice is an inference or conclusion of law upon certain facts found by the jury.  Thus the law implies malice from the unlawful killing of a human being, unless the circumstances make it evident that the killing was either justifiable, or, if not justifiable, was so mitigated as to reduce the offense below murder in the second degree."  This charge was held erroneous in that it affirmed in substance: "That when an unlawful killing is shown, the homicide is presumed by law to be upon malice, and in order to meet and overcome this legal presumption, the evidence—circumstances—must make it *evident* that the killing was justifiable, or so mitigated as to reduce the offense below murder in the second degree."  In construing this charge, Judge Hurt holds that this language infringed the doctrine of reasonable doubt. We think, however, that this case is not in point here, and has little, if any, analogy or bearing upon the charge complained of.  The charge in the Morgan case was clearly wrong, because, in substance, it required the jury to find defendant guilty unless the proof was evident that he was justifiable.  In this case the court tells the jury that if they find from the evidence that the killing was not upon express malice, or if they have a reasonable doubt as to whether such killing was upon express malice, but do find that it was unlawful and intentional, that they would find him guilty of murder in the second degree.  We think this charge is sufficient, and so far from being condemned in the case of White v. State, 23 Texas Crim. App., 154, that it substantially follows the rule laid down in that case.

Again, appellant complains of the following portion of the court's charge: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, Hardee Thomas, did in Camp County, Texas, on or about the 15th day of July, A.D. 1907, with express malice aforethought, as hereinafter defined, with a pistol, being a deadly weapon, and with a sedate and deliberate mind, and formed design to kill William Jingles, did unlawfully shoot at William Jingles, and that in his effort to so shoot said William Jingles, if you find he did, he accidentally and unintentionally shot and killed said Mary Ivey, you will find him guilty of murder in the second degree."  It is claimed that this charge is erroneous, in that the jury were required to find beyond a reasonable doubt that the defendant accidentally and unintentionally shot and killed Mary Ivey while shooting at William Jingles.  It is claimed that the jury should have been told, in this connection, that in the event they failed to believe beyond a reasonable doubt that the defendant intentionally shot and killed Mary Ivey on his malice aforethought, then they would be bound to find him guilty of murder in the second degree, and that if they had a reasonable doubt as to whether he intentionally shot and killed Mary Ivey or accidentally shot and killed her, that they would be bound to give the defendant the benefit of such doubt and find that he accidentally shot her, and find him guilty of no higher grade of homicide than murder in the second de-

gree, the claim being that said charge shifted the burden of proof and changed the rule of reasonable doubt from the defendant to the State, and required the jury to find beyond a reasonable doubt that the shooting of Mary Ivey was accidental before they would be justified in giving him the benefit of the accidental feature of the case. The entire charge, in this connection, was as follows: "If you believe from the evidence beyond a reasonable doubt, that the defendant, Hardee Thomas, did in Camp County, Texas, on or about July 17, 1907, with express malice aforethought as hereinbefore defined, with a pistol, being a deadly weapon, and with a sedate and deliberate mind and formed design to kill William Jingles did unlawfully shoot at William Jingles, and that in his effort to so shoot William Jingles, if you find he did, he accidentally and unintentionally shot and killed Mary Ivey, you will find him guilty of murder of the second degree and assess the proper punishment therefor. Or if you shall believe from the evidence that defendant shot at William Jingles with a pistol, same being a weapon reasonably calculated to inflict death or some serious bodily injury from the mode and manner of its use, and that he intended thereby to kill said Jingles, and that in his attempt to so shoot William Jingles, if he did, he unintentionally and accidentally shot and killed Mary Ivey, then if you shall find beyond a reasonable doubt that when he shot at Jingles he was not acting in his self-defense under the law of justifiable homicide hereinafter charged, and if you further so find that when he so shot at Jingles, if he did, his mind was not by some adequate cause aroused to such a degree of anger, rage, sudden resentment or terror rendering it incapable of cool reflection, hereinafter explained under the charge upon manslaughter, then you will find him guilty of murder in the second degree, and assess the proper punishment therefor." Besides the above-quoted charge, the court submitted the issue of manslaughter to the jury by appropriate instruction, and the law of self-defense, both upon actual and apparent danger in a manner not complained of in the charge. In addition to this, the court further instructed the jury, as follows: "If you find beyond a reasonable doubt that the defendant is guilty of murder, but you have a reasonable doubt as to whether he is guilty of murder, in the first or murder in the second degree, you will give him the benefit of such doubt, and convict him of no higher offense than murder in the second degree, or if you find that beyond a reasonable doubt that the defendant is guilty of murder in the second degree or manslaughter, but you have a reasonable doubt as to whether he is guilty of one or the other of these offenses, you will give him the benefit of the doubt and convict him of no higher offense than manslaughter." We think that the charge complained of, taken in connection with the other portions of the charge of the court quoted and referred to, was not subject to the objections and criticisms made by counsel for appellant. Again, it is apparent that this charge had, and could have had no effect on the jury for the reason that, if under any charge given by the court they believed that the shooting of Mary Ivey was unin-

tentional or accidental, they could have found him guilty of no higher offense than murder in the second degree, even though they may have believed that in shooting at the witness, William Jingles, he was acting with malice aforethought. The charge complained of has been approved by this court, and the doctrine often announced that where one party with express malice shoots another with deliberate intention to kill him and kills a third innocent party accidentally, he is guilty of murder in the second degree.

We think the charge of the court was not subject to the criticism made by counsel for appellant, and there being no other error assigned, and finding none in the record, the judgment of the court below is affirmed.

*Affirmed.*